UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

LISA PARRY-BIRNSTILL,

                    Plaintiff,

-against-

ASHRAF MEDICAL GROUP, PLLC,
ASHRAF MEDICAL PRACTICE P.C. d/b/a
RENU MEDISPA, PULSE MD DUTCHESS
LLC, AND FAISAL ASHRAF

                    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/3/2025

24-cv-6315 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Lisa Parry-Birnstill ("Plaintiff") initiated this action on August 21, 2024, alleging violations of Fair Labor Standards Act and New York Labor Law against Defendants Ashraf Medical Group, PLLC, Ashraf Medical Practice P.C. d/b/a Renu Medispa Pulse MD Dutchess LLC, and Faisal Ashraf (together, "Defendants").

    Presently before the Court is Defendants' Motion to Dismiss *pro se* Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(6). For the following reasons, the motion is GRANTED.

## BACKGROUND

    The following facts are derived from the Amended Complaint ("Compl.") and are taken as true and constructed in the light most favorable to the Plaintiff at this stage.

    Plaintiff was hired by the Defendants in 2017 to work as a nurse practitioner towards the end of December 2017. (Compl. ¶ 46.) Plaintiff's employment with the Defendants ended on or about November 17, 2023. (*Id*. ¶ 47.) Plaintiff asserts she was compensated on an hourly basis and not a salaried basis. (*Id*. ¶ 51.) Plaintiff's employment agreement refers to Plaintiff as salaried and

1

stipulates the hourly rate of compensation she receives, specifically $72 an hour per 72 hours worked. (Avello Decl. Ex. A; *Id*. ¶¶ 72-73.)

Plaintiff was compensated on a biweekly basis in accordance with an initial rate of $72 per hour biweekly for 72 hours worked every two weeks during calendar years 2017 to 2018. (Compl. ¶ 58.) Plaintiff's rate of compensation increased to $77 for calendar year 2019, to $80 in calendar year 2020, to $85 in calendar year 2021, which stayed the same for calendar years 2022 and 2023. (*Id*. ¶¶ 75-77.) Plaintiff asserts she was not exempt from overtime and that Defendants failed to compensate Plaintiff as a non-exempt employee with overtime compensation. (*Id*. ¶ 80.)

Based on the foregoing, Plaintiff brings claims alleging violations of Fair Labor Standards Act and New York Labor Law.

## PROCEDURAL HISTORY

On August 21, 2024, Plaintiff commenced this action against Defendants in her Complaint. (ECF No. 1.) On January 21, 2025, Defendants filed their motion to dismiss and memorandum of law in support. (ECF Nos. 11 and 14.) Plaintiff filed her opposition to Defendants' motion to dismiss (ECF No. 15), and Defendants filed their reply in further support of their motion to dismiss. (ECF No. 17.)

## LEGAL STANDARD

### A. Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement

to relief." *Id.* at 679. While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). The Second Circuit "deem[s] a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference . . . and documents that plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Rotham v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (internal citations omitted). The critical inquiry is whether the Plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

Plaintiff brings claims alleging violations of Fair Labor Standards Act and New York Labor Law.

### A. Fair Labor Standards Act Overtime Compensation Claim

The FLSA, in general, requires employees who work greater than forty hours per week to be compensated for the additional hours at "not less than one and one-half times the [employee's] regular rate." 29 U.S.C. § 207(a)(1). Certain classes of employees are excluded from this requirement, specifically any "employee employed in a bona fide . . . professional capacity." 29 U.S.C. § 213(a)(1). To qualify as an employee in a bona fide professional capacity, the employee must be "compensated on a salary or fee basis at not less than the level set forth in § 541.600." 29 CFR § 541.300.

Here, the Court must conclude that Plaintiff, based on the Complaint as currently written and construing its allegations in the light most favorable to the Plaintiff, qualifies as an employee employed "in a bona fide . . . professional capacity." 29 U.S.C. § 213(a)(1). As stated *supra*, the Court is empowered to take judicial notice of documents incorporated by reference in the Complaint. The Complaint incorporates by reference Plaintiff's pay records as well as Plaintiff's employment agreement. (Compl. ¶¶ 73, 52-53, 55, 58, 65-67, 87, 90, 96, and 100.) Therefore, the Court may consider such documents as part of its 12(b)(6) analysis without transforming Plaintiff's motion to dismiss into a motion for summary judgment.

These documents plainly establish that Plaintiff was a salaried employee at a level higher than § 541.600's floor. First, Plaintiff's own employment agreement stipulates that she is a salaried employee. Specifically, it states that Plaintiff would be compensated at a salary of $72 per hour biweekly at a rate of 36 hours per week (72 hours each pay period) and that she "may be eligible for a salary increase if approved" by management. (Wong-Pan Decl. Ex. 1). That Plaintiff's salary is described as an hourly rate in payroll records is immaterial; courts "generally have rejected the proposition that an employer's reference to hourly rates in payroll statements affects an employee's status as a salaried employee." *Martinez v. Hilton Hotels Corp.*, 930 F. Supp. 2d 508, 523 (S.D.N.Y. 2013). The relevant definition in the FLSA provides that "[a]n employee will be considered to be paid on a 'salary basis' . . . if the employee regularly receives each pay period on a weekly or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of work performed." 29 CFR ¶ 541.602(a). Plaintiff's payroll records clearly show that she was paid a predetermined salary on a biweekly basis for a total of 72 hours (36 hours per week). Her rate of $72 per hour safely places her above the threshold 29 CFR § 541.600 establishes. Thus, Plaintiff

4

qualifies as a salaried employee for the purposes of the FLSA and therefore is not entitled to overtime compensation.

To be sure, Plaintiff attempts to argue that she was not a salaried employee because at times she was compensated less than her salary of $72 per hour on a bi-weekly basis of 72 hours (36 hours per week). (Avello Decl. Ex. A). This argument is unavailing because it is not enough that an employee state they received less than their predetermined amount; they must also demonstrate that "the employer did not intend to pay employees on a salary basis." 29 CFR § 541.603(a). This determination turns on whether the employer has "an actual practice of making improper deductions." *Id*. The FLSA cautions, however, that the inquiry "shall not be construed in an unduly technical manner so as to defeat the [salary] exemption." 29 CFR § 541.603(e).

Plaintiff's payroll records only indicate that Plaintiff's regular weekly compensation was less than her predetermined salary of 72 hours on a mere five occasions, totaling 17.01 hours over a six-year period. (Avello Decl. Ex. A). To allow such a minor number of deviations from Plaintiff's predetermined salary would constitute a construction of the FLSA exemption in "an unduly technical manner" which the statute explicitly forbids courts from doing. 29 CFR § 541.603(e).

Finally, Plaintiff attempts to challenge the veracity of Defendants' use of the word salary in the employment agreement and on Plaintiff's paychecks. (Compl. ¶ 59.) Plaintiff asserts that the language was "inaccurate and untrue" and that Defendants "willingly and intentionally misused that term." (*Id*.) She claims that the term salary was "intended to mislead Plaintiff and/or the Department of Labor and/or the payroll provider into believing that she was exempt." Such declarations only function as conclusory language which the Court cannot credit. *Twombly*, 550 U.S. at 555. Moreover, it is axiomatic that contracts are to be interpreted and enforced according

to their plain meaning and according to their clear and unambiguous terms. *In re Condado Plaza Acquisition LLC*, 620 B.R. 820, 831 (Bankr. S.D.N.Y. 2020). Thus, when Plaintiff's employment agreement refers to Plaintiff as being salaried, where Plaintiff has not offered the Court allegations that would tend towards the conclusion that the term as used is ambiguous, the Court can only interpret the contract to mean that Plaintiff is a salaried employee. As a result, Plaintiff's efforts to prove Defendants' motives in using the word are irrelevant and do not aid the Plaintiff in alleging that she was a non-salaried employee; Plaintiff must do more than just offer conclusory statements in order to sufficiently allege that she was an employee not subject to the salaried exemption.

Therefore, the Court must conclude that, as currently written, the allegations in the Complaint show that Plaintiff was a salaried employee for the purposes of the FLSA and was not entitled to overtime compensation and, accordingly, dismisses Plaintiff's FLSA claim without prejudice. It may well be that Plaintiff can amend their complaint once more to offer factual aversions that would justify not applying the salary exemption to Plaintiff's employment status, but, as currently written, the Amended Complaint does not empower the Court to make such a finding.

### B. State Law Claims

Because Plaintiff's FLSA claims – the only claims over which the Court has original jurisdiction – must be dismissed, the Court, in its discretion, declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28. U.S.C. § 1367(c) (a district court "may decline to exercise supplemental jurisdiction over a claim" if it "has dismissed all claims over which it has original jurisdiction"). Thus, Plaintiff's Second Cause of Action, Third Cause of Action and Fourth Cause of Action claims are dismissed without prejudice to recommence in state court.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Ashraf Medical Group, PLLC, Ashraf Medical Practice P.C., d/b/a Renu Medispa, Pulse MD Dutchess, LLC, and Faisal Ashraf's motion to dismiss Plaintiff Lisa Parry-Birnstill's Amended Complaint. Plaintiff is granted leave to file an Second Amended Complaint by July 02, 2025, consistent with this order. Plaintiff is advised that the Second Amended Complaint will replace, and not supplement, the First Amended Complaint, and so any claims that she wishes to pursue must be included in, or attached to, the Second Amended Complaint. Should Plaintiff file a Second Amended Complaint, Defendants are directed to answer or otherwise respond by July 31, 2025. If Plaintiff fails to file a Second Amended Complaint within the time allowed, those federal claims that were dismissed without prejudice will be deemed dismissed with prejudice.

The Clerk of Court is respectfully directed to terminate the motions at ECF No. 11.

Dated:   June 03, 2025                                          SO ORDERED:
         White Plains, New York

                                                                _____
                                                                NELSON S. ROMÁN
                                                                United States District Judge